UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Steven Baril,<br>    Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| | )   Docket No. 1:20-cv-00710-PB |
| NH State Police Trooper Bryan Tracy<br>Individually | )<br>)<br>) |
| NH State Police Trooper Stefan Czyzowski<br>Individually<br>    Defendants | )<br>)<br>)<br>) |

**DEFENDANT STEPHAN CZYZOWSKI'S OBJECTION
TO PLAINTIFF'S RULE 37 MOTION TO COMPEL FURTHER RESPONSES AND
PRODUCTION OF DOCUMENTS TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

NOW COMES Defendant NH State Trooper Stefan Czyzowski ("Czyzowski" or "Defendant"), in his individual capacity, by and through counsel, the Office of the Attorney General, and objects to Plaintiff's Rule 37 Motion to Compel Further Responses and Production of Document to Plaintiff's 1st Set of Interrogatories and Request for Production of Documents Propounded by Steven Baril to Defendant Stefan Czyzowski (ECF No. 21)("Motion to Compel"), and submits the following in support thereof:

1. This matter arises out of events on August 29, 2019, in which Plaintiff was arrested on charges of DUI-Subsequent and Possession of a Controlled Drug- Felony by Czyzowski and co-defendant Trooper Bryan Tracy ("Tracy"). Czyzowski and Tracy made this arrest as part of their routine job duties while on-duty as New Hampshire State Police Troopers. Plaintiff subsequently brought this lawsuit, alleging various state and federal claims pertaining to perceived wrongdoings that Czyzowski and Tracy committed during the course of Plaintiff's arrest.

2. On September 23, 2020, Plaintiff transmitted his first set of interrogatories and request for production of documents to Czyzowski via email to counsel. Czyzowski's responses to the interrogatories and responsive documents were transmitted back to Plaintiff on October 21, 2020 via email.

3. The Motion to Compel followed, alleging the following grievances with Czyzowski's response: (I) Plaintiff alleges completed interrogatories were not received because they were signed by a person named Trooper First Class Stefan Czyzowski rather than the individual known as Stefan Czyzowski; (II) Plaintiff moves to compel the release of Czyzowski's personal residential address which Defendant's counsel objected to; (III) Plaintiff moves to compel the release of Czyzowski's personal phone number and associated phone records which Defendant's counsel objected to; (IV) and Plaintiff moves to compel the release of State-issued cell phone records that are not presently in the custody of Czyzowski or State Police.

**(I)**     **Issues Regarding Czyzowski's Signature on Plaintiff's First Set of Interrogatories**

4. Upon review, it appears that Defendant inadvertently neglected to sign the interrogatory response himself when it was notarized. A copy bearing his signature, a new notarization, and counsel's signature will be transmitted to Plaintiff promptly.

5. As to Plaintiff's contention that the interrogatories were answered by the incorrect individual, it is well established throughout Plaintiff's Complaint that Stefan Czyzowski is employed as a New Hampshire State Trooper. Plaintiff's Complaint specifically names him as "Trooper First Class Stefan Czyzowski" and refers to him as such throughout his recitation of events. Plaintiff's Complaint goes on to elaborate that Czyzowski was "fully dressed in the uniform of the New Hampshire State Police" and "was acting under color

of state law as the agent and/or representative of the New Hampshire State Police." (ECF No. 1, ¶ 8). Therefore, it is baseless to suggest that the interrogatories were not answered on the basis that Stefan Czyzowski is somehow a different person than Trooper First Class Stefan Czyzowski or Tr. S. Czyzowski. It is without question that the interrogatories were answered by Defendant Czyzowski.

6. To the extent that Plaintiff raises this issue out of concern for the legal ramifications of naming a defendant in their individual or official capacity, nothing about the way Czyzowski signed his responses changes the capacity in which he was sued. It is well understood that this suit was brought against Czyzowski in his individual capacity.

7. A suit against a state officer acting in their individual capacity "is best understood as a reference to the capacity in which the state officer is sued, not the capacity in which the officer inflicts the alleged injury" or otherwise offers testimony. *Hafer v. Melo*, 502 U.S. 21, 26 (1991).

**(II)   Issues Regarding Release of Czyzowski's Personal Residential Address**

8. Question 1 of the Plaintiff's first set of interrogatories asks to "identify all persons answering or supplying information used in answering these Interrogatories and/or Request for the Production of Documents." Definition F of the same document requires that "whenever there is a request to identify a person that is a natural person, please set forth…their last known residence address." Defendant's counsel objected on the grounds that the personal residential information was an invasion of privacy and could not be expected to lead to discoverable evidence.

9. As an initial matter, Plaintiff is already in possession of Czyzowski's personal address. Plaintiff's Motion to Extend Time to Serve Summons and Complaint included not only

Plaintiff's personal address, but exhibits with detailed records of Czyzowski's personal information and photographs of his home. (ECF No. 13, ¶ 2; ECF No. 14). Plaintiff's Amended Complaint further includes recitations of Czyzowski's personal address. Amend Compl. (ECF No. 16, ¶¶ 6, 8).

10. Given that Plaintiff previously filed Czyzowski's personal identifying information without redaction, and that he is already in possession of the information he now seeks to compel, Czyzowski's counsel declined to generate further documentation that would include the highly sensitive information of a State Trooper's personal home address. As Plaintiff already has this information, he is not prejudiced by the State's refusal.

11. To the extent Plaintiff continues to seek the release or confirmation of this information, this Court has broad discretion to address matters of security, particularly when such security measures cause no prejudice to plaintiff. *Wainwright v. Lockhart*, 80 F.3d 1226, 1232 (8th Cir. 1996). Further, the United States Supreme Court recognizes that public employees have a significant interest in the privacy of their home addresses. *U.S. Dep't of Def. v. Fed. Labor Relations Auth.*, 510 U.S. 287, 500 (1994). The potentially hostile relationship between an arresting officer and the arrested individual gives rise to security concerns in this matter. In light of the fact that Plaintiff, or Plaintiff's agent, drove to his arresting officer's house and took photographs, there is utmost concern with Plaintiff's judgment in how he may use Czyzowski's personal information.

12. It is also important to note that Plaintiff is not prejudiced by withholding this information. Setting aside the fact that Plaintiff is already in possession of this information, the arrest occurred during the course of Czyzowski's employment, while on duty patrolling the public highway, with Plaintiff being transported to Parkland Medical Center and the New

4

Hampshire State Police Troop B Barracks. At no time was Czyzowski's personal residence associated with or material to the underlying arrest. As such, information relating to Czyzowski's personal residence will not lead to any discoverable information to support Plaintiff's theories of wrongdoing.

**(III)   Issues Regarding Czyzowski's Personal Phone Number and Phone Records**

13. Question 2 of Plaintiff's first set of interrogatories asks for "every personal and/or employee cell phone number and provider…" Question 3 asks for the records associated with such numbers. Defendant's counsel objected on the grounds that the personal phone number was irrelevant, confidential, constituted an invasion of privacy, and could not be expected to lead to discoverable information.

14. Similar to the arguments raised above regarding his personal address, Czyzowski has a privacy interest in withholding his personal cell phone number and phone records. The release of a public servant's personal information could conceivably subject them to harassment and annoyance in the conduct of their official duties as well as their private lives. *Nix v. United States*, 572 F.2d 998, 1006 (4th Cir. 1978). The fact that someone is a career public servant does not strip them of every vestige of personal privacy. *Id*. Czyzowski maintains an expectation of privacy that his civilian life will remain separate from his role as a State Trooper. If Czyzowski's phone number and phone records are released, there is considerable concern of harassment to not only Czyzowski, but the individuals he associates with in his private life.

15. The release of Czyzowski's personal phone number and records is not reasonably likely to lead to discoverable information. Czyzowski arrested Plaintiff while on-duty as a State Trooper and presumably while using state-issued equipment. Beyond the fact that

Czyzowski used a cell phone to call Rite Aid Manager Ramon, there are no other allegations related to Czyzowski making use of a phone. There is nothing to suggest that Czyzowski's personal phone was involved in the arrest, and therefore the release of his number or phone records is unlikely to lead to discoverable information.

16. Plaintiff alleges that "it's highly probable that Czyzowski utilized his personal cell phone, instead of his state issued cell phone to pry into the Plaintiff's personal business dealings with Ramon the Rite Aid store manager." (ECF No. 21, p. 5). The fact that Czyzowski spoke to manager Ramon is undisputed and well established by record documentation and admission. The State Police report, with entries generated by Czyzowski and co-defendant Tracy, both state that Czyzowski spoke to manager Ramon. In his response to the first set of interrogatories, Czyzowski admits in Question 4 and 7 that he spoke to manager Ramon. Czyzowski's personal cell phone number and associated records are not necessary to establish a fact that is already conclusively established.

**(IV)  Issues Regarding the Release of Czyzowski's State-Issued Cell Phone Records**

17. The phone records for Czyzowski's state-issued cell phone are not in the possession of Czyzowski or State Police. A request was made to the service provider, Verizon, seeking copies of the phone records for August 29 and 30, 2019. Despite ongoing attempts to get these records, Verizon has yet to release these records. Czyzowski is unable to produce records that are not within his possession. Defendant's counsel will continue to seek these records, and when they become available, they will be redacted accordingly, and disclosed to Plaintiff.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | TROOPER STEFAN CZYZOWSKI, INDIVIDUALLY |
|  | By his attorneys, |
|  | GORDON J. MACDONALD<br>ATTORNEY GENERAL |
| Date: November 30, 2020 | /s/ Emily C. Goering<br>Emily C. Goering, Bar No. 268497<br>Assistant Attorney General<br>Allison B. Greenstein, Bar No. 265364<br>Assistant Attorney General<br>New Hampshire Department of Justice<br>33 Capitol Street<br>Concord, New Hampshire 03301<br>(603) 271-3675<br>Emily.Goering@doj.nh.gov<br>Allison.Greenstein@doj.nh.gov |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of November, 2020, a copy of the above Objection was served via ECF and email on Steven Baril, Plaintiff.

/s/ Emily C. Goering