UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| Steven Baril, | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-00710-PB |
| | ) | |
| NH State Police Trooper Bryan Tracy | ) | |
| Individually | ) | |
| | ) | |
| NH State Police Trooper Stefan Czyzowski | ) | |
| Individually | ) | |
| *Defendants* | ) | |

## DEFENDANTS TRACY AND CZYZOWSKI'S MOTION
## TO ENTER PROTECTIVE ORDER AND MEMORANDUM IN SUPPORT

Defendants Tracy and Czyzowski (collectively "Defendants"), move this court to issue a

protective order which prohibits Plaintiff from discovering or disclosing documents and

information that pertains to Defendants' personal lives. With particularity, Defendants move for

a protective order which (a) prohibits Plaintiff from disclosing to any third party, throughout the

duration of litigation or at any time thereafter, any documents or information obtained in

conjunction with this matter, related to Defendants' personal lives, (b) prohibits Plaintiff from

contacting any individual or entity, other than Defendants via their counsel, for purposes of

obtaining documents and information related to Defendants' personal lives, absent further order

from the court, (c) prohibits Plaintiff from engaging with a private investigator, or any other

information gathering resource, for purposes of obtaining information related to Defendants'

personal lives, (d) limits discovery to interrogatories, requests for the production of documents,

depositions, and subpoenas issued and/or approved by this Court, as provided for in the Court-

approved Discovery Plan, as amended; (e) limits discovery to documents and information

produced in conjunction with, or arising out of, Defendants' employment with the NH Division

1

of State Police; (f) limits all requests for discovery to be communicated between Plaintiff and Defendants' counsel. In support of the request sought herein, Defendants provide the following:

<u>**BACKGROUND**</u>

From the earliest outset of this matter, Defendants have been rightfully concerned that their personal lives were impermissibly entangled in the litigation concerning their professional lives. Plaintiff initiated this lawsuit by mailing copies of the Summons and Complaint to each Defendant's home address, rather than attempting service on their employer, the New Hampshire Department of Safety. (ECF No. 10, ¶ 3). Plaintiff further mailed a copy of the Summons to the residence of Defendant Czyzowski's father. (*Id.*). These initial attempts to contact Defendants were alarming, as it demonstrated that Plaintiff had not only obtained Defendants' home addresses, but was aware of their familial relationships and where to locate relatives.

Plaintiff was informed early on that Defendants were represented by counsel and to direct communications through counsel, yet he called Defendant Tracy and left a voicemail informing him of the intentions to make service in person. (*Id.* at ¶¶ 4, 5). The result was Plaintiff hiring a process server who showed up at Defendant Tracy's personal residence and spoke with Defendant Tracy's wife and children. (*Id.* at ¶ 8). Despite repeated communications from Defendants' counsel informing him that service was waived, Plaintiff again used a process server to attempt service at Defendant Czyzowski's personal residence. (Id. at ¶ 16). As a result of these behaviors, Defendants' counsel attempted to quell the harassment associated with the repeated attempts at service by filing a Motion for an Order Directing Plaintiff to Cease Further Attempts at Service. (ECF No. 10).

In response, the Plaintiff filed a Motion for Extension of Time that included Defendant Czyzowski's personal address (ECF No. 13, ¶ 2). This Motion freely states that Plaintiff hired a

private investigator and attempted service on Defendant Czyzowski on six separate occasions, and additionally hired a private investigator to serve Defendant Tracy. (*Id*. at ¶ 6, 10). Accompany this motion, unredacted, were exhibits containing Defendant Czyzowski's current and previous personal addresses, personal email accounts, date of birth, personal phone number, mortgage information, automobile information, and photographs of the home that appear to be taken by someone standing in front of Defendant Czyzowski's property. (ECF No. 14). These exhibits were promptly sealed by the Court. (*Id*.).

When Plaintiff amended the Complaint, he again incorporated each Defendants' personal address. (ECF No. 18, ¶¶ 5-8). As the initial discovery requests began, it became clear that Plaintiff was inordinately fixated on aspects of Defendants' personal lives. Plaintiff's first set of interrogatories sought the personal phone numbers and personal call logs for each Defendant. Defendants' counsel objected, which set off a string of motions practice to address the inappropriate inclusion of this personal information. Plaintiff filed Motions to Compel seeking to have Defendants sign their interrogatory responses in conjunction with their personal addresses in addition to turning over their personal phone numbers and personal call logs. (ECF No. 21, 22). Defendants objected, primarily raising the arguments that personal information for the Defendants was not relevant to the claims, and that acting as public servants does not strip Defendants of their expectation of privacy in their personal lives. (ECF No. 23, ¶¶ 8-16; ECF No. 24, ¶¶ 6-14). The Court agreed with Defendants' arguments, finding that it is sufficient for Defendants to associate with their professional designations. (ECF No. 33, pg. 1-2). The Court further found that Defendant Tracy's personal phone records are irrelevant to the case, and in balancing the needs of the case with the respective burdens on the parties, Defendant

3

Czyzowski's personal phone records are not necessary to establish a fact already conclusively established. (*Id*. at pg. 3-4).

Plaintiff has filed an Objection to the Court's order, renewing his efforts to have Defendants associate with their personal identities and to release their personal phone numbers and personal phone records. (ECF. No. 36). Despite the fact that the previous Court order ruled against releasing these documents, and despite the fact that his Objection is merely pending and has not been ruled upon, Plaintiff is now attempting to circumvent the Court order by issuing subpoenas directly to the carriers that service Defendants' personal phones.[1] In these subpoenas, Plaintiff identifies the phone carrier and provides a phone number purportedly associated with each Defendants' personal phone. Defendants have not disclosed their personal phone numbers to Plaintiff and it is unclear how Plaintiff obtained this information. Defendants have been notified by the phone carrier that, unless the carrier receives a motion to quash or motion for a protective order, the phone records will be released.

## **ARGUMENT**

In this case, a protective order is necessary because Plaintiff has repeatedly demonstrated a disregard for the line between Defendants' personal and professional lives or the appropriate scope of discovery. As State Troopers who are employed in an inherently adversarial profession, there is a heightened risk to Defendants if their personal information is discovered, released, or publicized. Plaintiff's prior behavior in contacting Defendants, contacting their relatives, taking photographs of their homes, and tenaciously attempting to get their personal phone records is indicative of Plaintiff blurring the line between Defendants' personal and professional lives. Plaintiff's judgement in hiring a private investigator to obtain personal information about

---

[1] Motions to Quash each subpoena have been filed in conjunction with the pleading herein. Supporting documents accompany the Motions to Quash.

Defendants, and somehow gaining access to Defendants' personal phone numbers and phone carriers is, again, indicative of Plaintiff exhibiting inappropriate behavior to seek information about Defendants' personal lives. In filing subpoenas directly with the phone carriers, despite a still-valid court order that found the personal records were irrelevant, and despite the fact that neither Defendant provided a release to obtain these documents, Plaintiff signaled that he intends to persist in his efforts to obtain personal information about Defendants. This constitutes harassing behavior and it far exceeds to scope of Plaintiff's claims. Simply put, a protective order is the only way to stop Plaintiff from harassing Defendants and to reign in the outsized motions practice in this case.

## I.    <u>Defendants have a right to a protective order.</u>

Pursuant to Fed. R. Civ. P. 26(c), the Court may issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. Rule 26(c) is highly flexible, having been designed to accommodate all relevant interests as they arise, requiring an individualized balancing of the many interests that may be present in a particular case. *Gill v. Gulfstream Park Racing Ass'n., Inc.*, 399 F.3d 391, 402 (1st Cir. 2005). Although the rule contains no specific reference to privacy, considerations of the need for confidentiality and privacy interests are relevant factors to be balanced. *Id*. Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly, and courts have long recognized that interests in privacy may call for a measure of extra protection even when the information sought is not privileged. *In re Sealed Case (Medical Records)*, 381 F.3d 1205 (U.S. App. D.C. 2004).

Here, a protective order is warranted because the Plaintiff's continued attempts to uncover aspects of Defendants' personal lives is an invasion of their privacy interests. Public officials maintain a privacy interest in matters of personal life unrelated to any acts done by them in their

public capacity. *Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 457 (1977). Defendants' home addresses, familial relationships, personal phone numbers, and call history are precisely the types of matters that are related to their personal lives and are unrelated to the acts done by them in their capacity as law enforcement officials.

When analyzing the factors that disfavor disclosure of information related to police officers, the court may consider the threat of safety to the police officer, as well as the invasion of privacy to the police officer. *Deptula v. City of Worcester*, No. 17-CV-40055-TSH, 2018 WL 2518502 (D. Mass July 19, 2018). It is well known that there are individuals who harbor hostility towards law enforcement officials. The release of information as to an officer's home, his family, the people he associates with, poses a risk to not only the officer, but to those he affiliates with. The physical safety risk and threat of ongoing harassment to Defendants and their families, whether by Plaintiff or other individuals, as a result of their personal information being discovered and/or disseminated, grossly outweighs any need for litigation discovery that can easily be satisfied through deposition, interrogatory, or requests for the production of documents. A protective order serves to halt the inquiries that Plaintiff has already made, and to prevent him from attempting to dig even further into Defendants' personal lives.

## II.    A protective order benefits all parties as a matter of judicial economy.

Given the highly adversarial nature of this matter, and the robust motions practice throughout the short duration of this case thus far, it is not a stretch to imagine that Plaintiff will make continued efforts to pry into the Defendants' personal lives, and Defendants' will continue to object to such intrusions. A prospective protective order may tailor discovery narrowly, so that Plaintiff may obtain the discovery he needs to prosecute his case, and Defendants can be reassured that their private lives are not compromised. Pursuant to Fed R. Civ. P. 26(c) this Court

6

may forbid the disclosure or discovery of particular information; may specify the terms for the disclosure and discovery of information; prescribe the discovery methods; and may forbid inquiry, discovery, or disclosure of certain matters. Taking these measures to further specify the terms of discovery, and to forbid inquiry into certain matters, will benefit all parties by focusing on the discovery necessary to address the claims, while reducing the need for motions practice regarding discovery disputes.

### III.    Scope of the protective order

(A) Prohibit Plaintiff from disclosing to any third party, throughout the duration of litigation or at any time thereafter, and documents or information obtained in conjunction with this matter, related to Defendants' personal lives. With particularity, this shall be interpreted to mean any documents or information that identifies, relates to, describes, is reasonably capable of being associated with, or could reasonably be linked, directly or indirectly, with either Defendant or the persons they associate with outside of their course of employment;

(B) Prohibit Plaintiff from contacting any third party, other than Defendants' counsel, for purposes of obtaining documents and information related to Defendants, absent further order from the court;

(C) Prohibit Plaintiff from engaging with a private investigator, or any other information gathering resource, for purposes of obtaining information related to Defendants' personal lives;

(D) Limit discovery to interrogatories, request for the production of documents, depositions, and subpoenas issued and/or approved by this court, as provided for in the court approved Discovery Plan, as amended;

(E) Limit discovery to documents and information produced in conjunction with, or arising out of, Defendants' employment with the NH Division of State Police;

(F) Limit all requests for discovery to be communicated between Plaintiff and Defendants' counsel.

**IV.    Statement as to certification that the parties have conferred on this motion.**

Given the adversarial nature of this pleading, and the relief requested, Defendants' counsel has not attempted to confer with Plaintiff. Further, the Defendants have been informed by Verizon that they must submit documentation of a filed motion to quash or protective order prior to February 15, 2021, otherwise Verizon will comply with Plaintiff's subpoena and issue the personal phone records. Given the rush nature of this pleading, Defendants' counsel has not sought concurrence from Plaintiff.

WHEREFORE, Defendants Tracy and Czyzowski respectfully request this Honorable Court to:

A.  Issue a protective order containing the terms detailed in Section III;

B.  Grant such further relief as justice may require.

Respectfully submitted,

TROOPER BRYAN TRACY,
INDIVIDUALLY

TROOPER STEFAN CZYZOWSKI,
INDIVIDUALLY

By their attorneys,

THE OFFICE OF THE NEW HAMPSHIRE
ATTORNEY GENERAL

February 10, 2021

By: /s/ Emily C. Goering
Emily C. Goering, Bar No. 268497
Assistant Attorney General
Allison B. Greenstein, Bar No. 265364

8

Assistant Attorney General
New Hampshire Department of Justice
33 Capitol Street
Concord, New Hampshire 03301
(603) 271-3675
Emily.Goering@doj.nh.gov
Allison.Greenstein@doj.nh.gov

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 10th day of February, 2021, a copy of the foregoing pleading was served via ECF and email on the plaintiff.

/s/ Emily C. Goering
Emily C. Goering