UNITED STATES FEDERAL DISTRICT COURT
FOR THE STATE OF NEW HAMPSHIRE

| | |
|---|---|
| STEVEN BARIL ) | |
|     PLAINTIFF, ) | |
| ) | |
| vs. ) | Civil Action No. **1:20-cv-00710-PB** |
| ) | |
| ) | |
| BRYAN TRACEY  Individually ) | |
| ) | |
| STEFAN CZYZOWSKI  Individually ) | |
| ) | |
| ) | |
|     DEFENDANTS, ) | |

FILED - USDC -NH
2021 FEB 23 PM 2:50

### PLAINITFF'S MOTION TO DISMISS DEFENDANTS MOTION TO QUASH SUBPOENAS PROPOUNDED UPON VERIZON WIRELESS C/O VERZION SECURITY ASSISTANCE TEAM FOR DEFENDANTS' PHONE RECORDS WITH SUPPORTING MEMORANDUM OF FACTS AND LAW

NOW COMES the Plaintiff Steven Baril ("Plaintiff", or "Baril") hereby moves this Court pursuant to Fed. R. Civ. P Rule 45(d)(3) to dismiss the Defendants Motion to Quash Subpoenas Propounded upon Verizon Wireless C/O Verizon Security Assistance Team for Defendants' Phone Records ("Motion to Quash"). *See* (ECF Dkt No. 40). Venue is not proper in the District of New Hampshire, because subpoena compliance is required in the District of Massachusetts. Defendants Motion to Quash improperly seeks to quash subpoenaed production of both Defendants Bryan Tracy's ("Tracy") and Stefan Czyzwoski's ("Czyzowski") personal cell records ("cell records"). Plaintiff states the following Memorandum of Facts and Law in support:

**Factual Background**

1. On Feb 2, 2021 at 4:48 pm., Plaintiff emailed Defendants counsel proper notice of document subpoenas to be served upon Verizon pursuant to Fed. R. Civ, P. Rule 45(a)(4). See (Ex. A).

2. On Feb 2, 2021 at 4:49 pm. and 4:51 pm., Plaintiff emailed Defendants counsel copies of subpoenas to be served upon Verizon, on behalf of both Defendants Tracy and Czyzwoski, respectively. Subpoenas

compliance commanded the production of cell records for both Defendants at: Verizon Store the Crossing at Walkers Brook 42 Walkers Brook Dr. Reading MA 01867. Note: Subpoenas phone numbers were redacted. See (Ex. B)

3. On Feb 2, 2021 at 4:55 pm and 4:57 pm., Plaintiff served upon Verizon's through the email verizonlegalprocesscompliance@verzion.com two document subpoenas commanding production of both Czyzowski's and Tracy's cell records, respectively. See (Ex. C)

4. Defendants filed their Motion to Quash in New Hampshire Federal District Court. *See* (ECF- Dkt # 40).

5. Defendants agree to lift their objection to the production of Czyzowski's personal cell phone records ("cell records"). Defendants promise the Court stating, "Defendants are not presently in possession of Czyzowski's personal cell phone records for August 29, 2019. <u>If the records are able to be recovered, Defendants will lift their objection to the production of Czyzowski's personal cell phone records for the limited purpose of demonstrating that one or more calls were made to Rite Aid on August 29, 2019.</u> "(*emphasis added*). *See* (ECF Reply to Objection to Magistrate's order Dkt# 43, Pg 5 ¶13).

**Memorandum of Law**

6. Defendants were given notice on Feb 2, 2021 at 4:48 pm. On Feb 2, 2021 at 4:49 pm. and 4:51 pm., Plaintiff emailed Defendants counsel copies of subpoenas to be served upon Verizon, on behalf of both Defendants Tracy and Czyzwoski, respectively. On Feb 2, 2021 at 4:55 pm and 4:57 pm., Plaintiff served upon Verizon's through the email verizonlegalprocesscompliance@verzion.com two document subpoenas commanding production of both Czyzowski's and Tracy's cell records, respectively. Both Defendants Czyzowski and Tracy were properly noticed before the document subpoenas were served upon Verizon. See Fed. R. Civ. P. Rule 45(a)(4).

7. Both Defendants filed their Motion to Quash in New Hampshire Federal District Court. Both of the subpoenas front page(s) directed Verizon to produce cell records for both Defendants at the Verizon Store the Crossing at Walkers Brook 42 Walkers Brook Dr. Reading MA 01867. The compliance district is the location of the address where the subpoenas are commanded to be produced. Therefore, enforcement of subpoenas compliance needs to occur in a Federal District Court in Massachusetts.

*See* (*CREATIVE MACHINING AND MOLDING CORPORATION v. CRC POLYMER SYSTEMS, INC.*, Civil Action No. 17-30043-MAP US District Court, D. Massachusetts, March 22, 2018"). ("motion to compel compliance with[......] subpoena would have had to be filed in a proceeding commenced in the district in which compliance was required. *See* Fed. R. Civ. P. 45(d)(3) (motion practice related to a Rule 45 subpoena takes place in the district where compliance is required")). *See also* (*Ceuric v. Tier One, LLC* United States District Court for the Western District of Pennsylvania May 17, 2018, Decided; May 17, 2018, Filed Civil Action No. 17-1240 Reporter) ("At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B).")

8. Plaintiff averred throughout the amended complaint that Defendants committed tortious acts in their individual capacity. *See* (ECF amend compl. Dkt #18). The Court agreed with Plaintiff's assessment stating *inter alia*, "There is no dispute that this suit was brought against the defendants in their individual capacities." (ECF *Dkt#* 33, pg. 2). Throughout their pleadings Defendants Counsel have pled and signed off on the following, "NOW COMES Defendant NH State Trooper, [....] in his individual capacity[...]." Openly admitting that both Defendants Tracy and Czyzowski are being sued in their individual ("private citizen") capacity. *See* NH Statutes - Section 7:6-d Private Practice Prohibited ("The attorney general, deputy attorney general, assistant attorneys general and all attorneys employed by the department of justice shall not directly or indirectly engage in the private practice of law.")

## Conclusion

Plaintiff asserts that Defendants were properly noticed and served copies of both subpoenas before service to Verizon. See Fed. R. Civ. P. Rule 45(a)(4). Defendants Motion to Quash was filed in New Hampshire the issuing district, and not in Massachusetts the compliance district. Defendants request relief in the wrong district. Additionally, Plaintiff asserts that the New Hampshire Attorney Generals' Office lacks the legal standing to file their Motion to Quash, on behalf of Defendants. Defendants Motion to Quash should be stricken from the Record.

## Prayer for Relief

WHEREFORE, the Plaintiff respectfully prays that this Honorable Court;

A. Grant Plaintiff's Motion to Dismiss Defendants' Motion to Quash Subpoenas Propounded Upon Verizon Wireless C/O Verizon Security Assistance

Team for Defendants' Phone Records; or

In the Alternative:

B. Order that Defendants' Motion to Quash Subpoenas Propounded Upon Verizon Wireless C/O Verizon Security Assistance

Team for Defendants' Phone Records at ECF Docket No. 40 be stricken from the record due to the

New Hampshire Attorney Generals' Office lack of legal standing to file that Motion;

C. Take such other actions that this Court deems just.


Respectfully Submitted,

*/s/ Steven Baril*

Steven Baril
36 Pleasant St Apt 4
Methuen Ma 01844
Tel # (603) 845-8364
Hudzpa@gmail.com

Date: February, 22 2021


## CERTIFICATION OF SERVICE

I plaintiff Steven Baril certify that I mailed a copy(s) of Plaintiff's Motion to Dismiss Defendants' Motion to Quash Subpoenas Propounded Upon Verizon Wireless C/O Verizon Security Assistance Team for Defendants' Phone Records by USPS First Class mail to Atty Goering & Atty Greenstein NH Department of Justice 33 Capitol Street Concord, NH 03301 on February, 22 2021.

*/s/ Steven Baril*
Steven Baril

Case 1:20-cv-00710-PB   Document 46   Filed 02/23/21   Page 5 of 19

2/21/2021   Gmail - In Re: Baril v Tracy et al. Notice of Document Subpoena




EX A

Hudzpa brash <hudzpa@gmail.com>

## In Re: Baril v Tracy et al. Notice of Document Subpoena
1 message

**Hudzpa brash** <hudzpa@gmail.com>　　　　　　　　　　　　　　　　Tue, Feb 2, 2021 at 4:48 PM
To: "Greenstein, Allison" <Allison.Greenstein@doj.nh.gov>, "Goering, Emily" <Emily.Goering@doj.nh.gov>

Good Afternoon Attorney Greenstein,

   Attached to this email is the Rule 45(a)(4) Notice for document subpoena for Czyzowksi, and Tracy. Due to file size, copies of the subpoenas will be sent in separate emails.

Regards,
Steven Baril

📄 **Notice of Document Subpoenas.pdf**
3763K

EX A

# UNITED STATES FEDERAL DISTRICT COURT
# FOR THE STATE OF NEW HAMPSHIRE

| | |
|---|---|
| STEVEN BARIL ) | |
|     PLAINTIFF, ) | |
| vs. ) | Civil Action No. **1:20-cv-00710-PB** |
| ) | |
| BRYAN TRACY    Individually ) | |
| STEFAN CZYZOWSKI    Individually ) | |
|     DEFENDANTS, ) | |

To: Bryan Tracy, Stefan Czyzowski Defendants in the above captioned matter.
In care of:
Emily C. Goering & Allison Greenstein
Assistant Attorney Generals
Transportation & Construction Bureau
New Hampshire Department of Justice
33 Capitol St.
Concord, NH 03301
Tel. (603) 271-1243
Email: Emily.C.Goering@doj.nh.gov
Email: Allison.B.Greenstein@doj.nh.gov

## NOTICE OF FED.R. CIV.P. RULE 45(a)(1)(C) DOCUMENT SUBPOENA: VERIZON WIRELESS C/O VERIZON SECURITY ASSISTANCE TEAM IN RE: STEFAN CZYZOWSKI.

PLEASE TAKE NOTICE pursuant to Fed. R. Civ. P. Rule 45(a)(4) the plaintiff, Steven Baril has hereby demanded that Verizon Wireless C/O Verizon Security Assistance Team release call detail records occurring on August 2019. See **Attached Exhibit B- Stefan Czyzowski**. The place of compliance is Verizon Store Crossing at Walkers Brook 42 Walkers Brook Dr. Reading Ma 01867 date Feb 15, 2021 at 1:30 PM.

Respectfully Submitted,                                           Dated: Feb 2, 2021

*/s/ Steven Baril*
Steven Baril
36 Pleasant St Suite #4
Methuen Ma. 01844
Telephone # (603)845-8364
Email: hudzpa@gmail.com

EX A

# UNITED STATES FEDERAL DISTRICT COURT
# FOR THE STATE OF NEW HAMPSHIRE

| | |
|---|---|
| STEVEN BARIL ) | |
|       PLAINTIFF, ) | |
| vs. ) | Civil Action No. **1:20-cv-00710-PB** |
| ) | |
| BRYAN TRACY     Individually ) | |
| STEFAN CZYZOWSKI     Individually ) | |
|       DEFENDANTS, ) | |

To: Bryan Tracy, Stefan Czyzowski Defendants in the above captioned matter.
    In care of:
    Emily C. Goering & Allison Greenstein
    Assistant Attorney Generals
    Transportation & Construction Bureau
    New Hampshire Department of Justice
    33 Capitol St.
    Concord, NH 03301
    Tel. (603) 271-1243
    Email: Emily.C.Goering@doj.nh.gov
    Email: Allison.B.Greenstein@doj.nh.gov

## NOTICE OF FED.R. CIV.P. RULE 45(a)(1)(C) DOCUMENT SUBPOENA: VERIZON WIRELESS C/O VERIZON SECURITY ASSISTANCE TEAM IN RE: BRYAN TRACY.

PLEASE TAKE NOTICE pursuant to Fed. R. Civ. P. Rule 45(a)(4) the plaintiff, Steven Baril has hereby demanded that Verizon Wireless C/O Verizon Security Assistance Team release call detail records occurring on August 2019. See **Attached Exhibit B- Bryan Tracy**. The place of compliance is Verizon Store Crossing at Walkers Brook 42 Walkers Brook Dr. Reading Ma 01867 date Feb 15, 2021 at 1:30 PM.

Respectfully Submitted,

*/s/ Steven Baril/*

Steven Baril
36 Pleasant St Suite #4
Methuen Ma. 01844
Telephone # (603)845-8364
Email: hudzpa@gmail.com

Dated: Feb 2, 2021



EX. B

Hudzpa brash <hudzpa@gmail.com>

## In Re: Copy of Czyzowski Subpoena 2nd email
1 message

**Hudzpa brash** <hudzpa@gmail.com>                                      Tue, Feb 2, 2021 at 4:49 PM
To: "Greenstein, Allison" <Allison.Greenstein@doj.nh.gov>, "Goering, Emily" <Emily.Goering@doj.nh.gov>

Attached is a copy of the Czyzowski Subpoena.

Regards,
Steven Baril

---

📄 **Stefan Czyzowski Subpoena Verizon call records.pdf**
8685K

EX B.

 Gmail

Hudzpa brash <hudzpa@gmail.com>

## In Re: Copy of Tracy Subpoena
1 message

**Hudzpa brash** <hudzpa@gmail.com>        Tue, Feb 2, 2021 at 4:51 PM
To: "Greenstein, Allison" <Allison.Greenstein@doj.nh.gov>, "Goering, Emily" <Emily.Goering@doj.nh.gov>

Attached is a copy of the Tracy Subpoena.

Regards,
Steven Baril

📎 **Bryan Tracy Subpoena Verizon call records.pdf**
8663K

EX. B

FILED - USDC-NH
2020 DEC 21 PM 12:17

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of New Hampshire

Steven Baril
*Plaintiff*
v.
Bryan Tracy, in his individual capacity,
Stefan Czyzowski in his individual capacity
*Defendant*

Civil Action No. 1:20-cv-00710-PB

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: **VERIZON WIRELESS C/O VERIZON SECURITY ASSISTANCE TEAM**
*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit B - STEFAN CZYZOWSKI

| Place: VERIZON STORE - CROSSING AT WALKERS BROOK 42 WALKERS BROOK DR. READING MA 01867 | Date and Time: FEB 15, 2021 @ 1:30 PM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/21/2020

_____ Clerk
_____, Deputy Clerk           OR          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* STEVEN BARIL
36 PLEASANT ST. APT 4 METHUEN MA  hudzpo@gmail.com who issues or requests this subpoena, are:
CELL # (603) 845-8364

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EX B

**EXHIBIT B-Stefan Czyzowski**

Reference Vendor: Verizon Wireless
In regard to: Cell number █████████
Customer name: Stefan Czyzowski

1. Produce and permit for inspection all call detail records for cell number ████████ that occurred on Thursday August 29, 2019 between the hours of 12:30 pm to 8:00 pm EST.

**NOTE:** All Electronically Stored Information ("ESI") should either be converted into portable document format ("pdf") or produced from computer, or bill printouts. Please have the custodian of records certify the authenticity of the call records pursuant to FRE Rule 902.11 Regularly Conducted Activity. Please feel free to contact the plaintiff below with any questions or concerns that you may have.

Steven Baril
36 Pleasant St Suite #4
Methuen Ma. 01844
Telephone # (603)845-8364
Email: hudzpa@gmail.com

EX B

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

EX B

FILED - USDC-NH
2020 DEC 21 PM 12:17

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of New Hampshire

| Steven Baril | ) |
| --- | --- |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:20-cv-00710-PB |
| Bryan Tracy, in his individual capacity, | ) |
| Stefan Czyzowski in his individual capacity | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: **VERIZON WIRELESS C/O VERIZON SECURITY ASSISTANCE TEAM**
*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See **EXHIBIT B - BRYAN TRACY**

| Place: VERIZON STORE - CROSSING AT WALKERS BROOK, 42 WALKERS BROOK DR, READING MA 01867 | Date and Time: FEB 15, 2021 @ 1:30 PM |
| --- | --- |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
| --- | --- |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/21/2020

[Clerk seal] Clerk
_____, Deputy Clerk           OR   _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **STEVEN BARIL**
36 PLEASANT ST APT 4 METHUEN MA  budzpa@gmail.com, who issues or requests this subpoena, are:
CELL # (603) 845-8364

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EX B

## EXHIBIT B-Bryan Tracy

**Reference Vendor:** Verizon Wireless
**In regard to:** Cell number ▮▮▮▮▮▮
**Customer name:** Bryan Tracy

1. Produce and permit for inspection all call detail records for cell number ▮▮▮▮▮▮ that occurred on Thursday August 29, 2019 between the hours of 12:30 pm to 8:00 pm EST.

**NOTE:** All Electronically Stored Information ("ESI") should either be converted into portable document format ("pdf") or produced from computer, or bill printouts. Please have the custodian of records certify the authenticity of the call records pursuant to FRE Rule 902.11 Regularly Conducted Activity. Please feel free to contact the plaintiff below with any questions or concerns that you may have.

Steven Baril
36 Pleasant St Suite #4
Methuen Ma. 01844
Telephone # (603)845-8364
Email: hudzpa@gmail.com

EX B

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Case 1:20-cv-00710-PB   Document 46   Filed 02/23/21   Page 16 of 19

2/21/2021                             Gmail - Baril v Tracy et al. Subpoena(s) for cell phone call detail records.

 EXC                                    Hudzpa brash <hudzpa@gmail.com>

## Baril v Tracy et al. Subpoena(s) for cell phone call detail records.
1 message

**Hudzpa brash** <hudzpa@gmail.com>                                    Tue, Feb 2, 2021 at 4:55 PM
To: verizonlegalprocesscompliance@verizon.com

Hello Verizon,

 My name is Steven Baril. Please find attached on two separate emails a subpoena request for Verizon call detail records for Stefan Czyzowski and Bryan Tracy.

Attached to this email is the Subpoena for Stefan Czyzowski.

Regards,
Steven Baril

📄 **Stefan Czyzowski Subpoena Verizon call records.pdf**
8685K

 EXC

Hudzpa brash <hudzpa@gmail.com>

## In Re: Bryan Tracy Subpoena call records
1 message

**Hudzpa brash** <hudzpa@gmail.com>　　　　　　　　　　　　　　　　　　Tue, Feb 2, 2021 at 4:57 PM
To: verizonlegalprocesscompliance@verizon.com

Hello Verizon,

Attached is the Bryan Tracy Subpoena.

Regards,
Steven Baril

📄 **Bryan Tracy Subpoena Verizon call records.pdf**
8663K

Certified receipt no: 7837961027 90

To: Court Clerk -NH Federal District Court

From: Plaintiff Steven Baril

Case: Baril v. Tracy et al.

Case No. **1:20-cv-00710-PB**

FILED - USDC -NH
2021 FEB 23 PM 2:50

Please find enclosed a filing of the Plaintiff's Motion to Dismiss Defendants' Motion to Quash Subpoenas Propounded Upon Verizon Wireless C/O Verizon Security Assistance Team for Defendants' Phone Records, and Plaintiff's Objection To Defendants' Motion To Enter A Protection Order With Supporting Memorandum Of Fact(s) and Law with attached exhibits.

Please file upon receipt.

Regards,

*Steven Baril*
Steven Baril

